THE STATE v SPEAR.

1 In criminal prosecutions, where a conviction would subject the defen- dant to capital punishment, or would render him liable to be re- strained from his personal liberty, an acquittal by a jury is, under the State constitution, a bar to any subsequent trial for the same offence.

Appeal from the Circuit Court of Cape Girardeau county

*Brickey for the State.*

1. The circuit court erred in excluding proper and com- petent evidence offered on behalf of the State.

2. The court erred in not permitting the evidence offered by the State to go to the jury as circumstantial evidence to sustain the indictment.

3. The court erred by giving instructions to the jury which the state of facts from the record did not warrant.

As to the statutory provisions on this subject, (see Digest page 312, section 3; 4 Mo. Rep. 487.)

*Opinion of the Court by Napton, Judge.*

The appellee was indicted at the February term of 1839, of the Cape Girardeau circuit court, for selling spiritous li- quors to an Indian. The indictment contained two counts; the first of which charged, that defendant sold a half

pint of whisky to a certain Indian, whose name was un- SEPT TERM. 1840.
known to the grand jurors; and the second charged that
defendant *gave* the said liquor to an Indian, &c.   Upon the The State v Spear
indictment the defendant was tried and acquitted by the
verdict of a jury, the State appealed.

From the bill of exceptions it appears that after the State
had given evidence conducing to show one instance of de-
fendant selling or giving liquor to an Indian, the attorney for
the State desired to give other breaches of the statute com-
mitted on the same day, and at the same place, by selling
liquor to other Indians.   This the court excluded.   The
court also instructed the jury, that they must be satisfied
that the Indian to whom the liquor was sold or given was a
full blooded Indian, and that the law prohibiting the sale of
liquors to Indians did not extend to half breeds.

The counsel for the defendant moves this court to dismiss
the appeal, because an appeal does not lie for the State in a
criminal case.

Whether an appeal to this court lies in a criminal case, as
well for the State as for the defendant, I do not deem very
material to determine in this case.   The statute gives an
appeal in criminal cases generally, without any exclusion of
the State from its benefit, and I see no reason why the State
should not have an appeal as well as a writ of error, which
it is admitted will lie.

But whether the case was brought here by appeal or by
writ of error, I hold that the verdict of acquittal is a com-
plete protection to the defendant against any further pro-
ceedings.   The constitution declares, (art. 13, sec. 10,) that
no person, after having been once acquitted by a jury, can
for the same offence be again put in jeopardy of life or limb.
By this provision I understand, that in all criminal prosecu-
tions where a conviction would subject him to capital pun-
ishment, or would render him liable to be restrained from his
personal liberty, an acquittal by a jury is a complete bar to
any subsequent trial.   The offence charged in this indict-
ment was punished by fine and imprisonment.

With this view of the case it is unnecessary to investigate

In criminal prosecutions, where a conviction would subject the defendant to capital punishment, or would render him liable to be restrained from his personal liberty by a jury is, under the State Constitution, a bar to any subsequent trial for the same offence.

SEPT. TERM.
1840.

The State
v
Spear

the propriety of the instructions of the circuit court. Its judgment should, in my opinion, be affirmed.

### Tompkins, Judge.

I believe the statute gives the State no appeal, and that it never intended the accused to be put on his trial a second time after he had been acquitted. I do not feel well satisfied that the constitution precludes the legislature from giving the State the right of appeal in cases of lighter offences.

I concur in every other part of this opinion.