State v. Cox.

THE STATE, *Plaintiff in Error* v. COX.

A Writ of Error does not lie on behalf of the State in a criminal case, (*following State v. Copeland,* 65 Mo. 497).

*Error to Cole Circuit Court.*—HON. GEORGE W. MILLER, Judge.

*J. R. Edwards* for the State cited *State v. Newkirk,* 49 Mo. 472; *State v. Peck,* 51 Mo. 112; Wag. Stat., p. 1112, § 2.

*Henry Flanagan* for defendant in error.

1. A writ of error is not allowed to the State in a criminal case; its remedy is by appeal. 2 Wag. Stat., p. 1112, § 1; p. 1114, §§ 13, 14.

2. No writ of error lies where an appeal is allowed, unless the former remedy be also given by express terms. Without the aid of the statute, the State cannot review the judgment of an inferior court. *People v. Casborns,* 13 Johns. 351; *People v. Tarbox,* 30 How. Pr. 318; *People v. Dill,* 1 Scam. (Ill.) 257; *State v. Reynolds,* 2 Hay. (Tenn.) 110; *Commonwealth v. Harrison,* 2 Virg. Cases 202; *People v. Corning,* 2 Comst. (N. Y.) 9; *The San Pedro,* 2 Wheat. 132; *McCollum v. Eager,* 2 How. U. S. 61; *Surgett v. Lapice,* 8 How. 48; *Verden v. Coleman,* 22 How. 192; *Parish v. Ellis,* 16 Pet. 451; *McDaniel v. Plumbe,* 3 Iowa (Greene) 331; *McPoland v. Fitzpatrick,* 1 Greene (Iowa) 543; *Bradford v. Marvin,* 2 Fla. 101; *Harris v. Cole,* 2 Fla. 400; *Gibson v. Rogers,* 2 Ark. 334; *Russell v. Pierce,* 7 Porter (Ala.) 276; *Miller v. Goffe,* 9 Porter (Ala.) 265; *Ex parte Sandford,* 5 Ala. 562; *Springer v. Springer,* 43 Pa. St. R. 518; *Wike v. Lightner,* 1 Rawle (Pa.) 289; *Baker v. Williamson,* 2 Pa. St. R. 116; *Lord v. Pierce,* 33 Maine 350; *Peebles v. Rand,* 43 N. H. 337; *Flanders v. White Mountain Bank,* 43 N. H. 383; *Medcalf v. Serett,* 1 N. H. 338; *Monk v. Guild,* 3 Met. 372; *Savage v. Gulliver,* 4 Mass. 171; *Jarvis v.*

*Blanchard*, 6 Mass. 4; *Champion v. Brooks*, 9 Mass. 228; *Parmenter v. Parmenter*, 3 Head (Tenn.) 225; *Delaplaine v. The City of Madison*, 7 Wis. 407.

SHERWOOD, C. J.—The defendant indicted for bigamy successfully demurred to the indictment. The State sued out a writ of error. The motion filed by defendant's counsel, questions the right of the State to bring up a criminal case in this way; and this is the only point that need be considered. In the case of *The State v. Copeland*, 65 Mo. 497, we held from a mere examination of the statute, and the changes made therein since the decision delivered in *The State v. Spear*, 6 Mo. 644, that a writ of error would lie in a criminal case in behalf of the defendant *alone*. And we think that an examination of the statute in question, especially when considered in connection with the history of its changes, whereby it has been brought into its present shape, is absolutely conclusive against the right of the State to sue out a writ of error. But another reason would seem equally cogent in support of the position we assumed, and lies in the fact that the State possesses no such right under the statute, unless *expressly conferred*. (*State v. Reynolds*, 2 Hayw. 110; *The People v. Corning*, 2 Comst. 9; *Commonwealth v. Cummings*, 3 Cush. 212; *State v. Johnson*, 2 Iowa 549; *Commonwealth v. Harrison*, 2 Virg. Cas. 202.) That the statute in relation to criminal practice, neither in express terms, nor yet indirectly, authorized the State to sue out a writ of error, is patent to even casual observation.

For the reason herein expressed, as well as those announced on a former occasion, we grant the motion and quash the writ. All concur.

MOTION GRANTED.