THE STATE, *Plaintiff in Error*, v. CARR *et al.*

Division Two, February 16, 1898.

**Appeal by State:** INFORMATION. The State is not entitled to an appeal, nor to a writ of error, on the quashing of an information for insufficiency.

*Error to St. Louis Court of Criminal Correction.*—HON. DAVID MURPHY, Judge.

WRIT OF ERROR DISMISSED.

*Thomas B. Harvey* and *Chester H. Krum* for plaintiff in error.

*Leverett Bell* for defendants in error.

SHERWOOD, J.—The State brought error because the court of criminal correction quashed an informa-

tion which charged defendants in the first count with maintaining a· public nuisance, under section 3851, Revised Statutes 1889, to wit, a common gaming house, within the common law definition thereof; in the second count, with maintaining a disorderly house; and in the third count with maintaining a common gaming house under section 3811, Revised Statutes 1889. The St. Louis Court of Appeals, from whence the writ of error issued, certified the case to this court on the ground that a constitutional question was involved.

Until the year 1845, Revised Statutes of that year, page 889, sections 9 and 10, the statutes of this State never authorized the State to take an appeal in a criminal cause. These sections recognize and give authority for the exercise of this right *"only* in the cases and under the circumstances mentioned in the succeeding section." (Sec. 9). These cases and circumstances are thus defined in the next section (10): *First.* "When an indictment is quashed;" *second,* "or adjudged insufficient on demurrer;" or, *third,* [when] "judgment [thereon] is arrested." Such has been the statute law of this State ever since. R. S. 1855 p. 1204, secs. 13 and 14; G. S. 1865, p. 856, secs. 13 and 14; R. S. 1879, secs. 1985 and 1986; R. S. 1889, secs. 4289 and 4290. These sections are the same now as when first enacted, except that in the revision of 1889, the words in brackets, "when" just before the word "judgment," and the word "thereon" have been added.

The word "thereon" would seem to refer to the word "indictment," and to signify that the State would not be permitted to appeal on the third ground mentioned, except that the judgment is based on the insufficiency of the *indictment* and not for any other cause of arrest. The addition of the word "thereon" would therefore seem to indicate the sedulous policy

and care of the legislature to confine the right of appeal of the State to the insufficiency of the instrument known as an "indictment," whether attacked by motion to quash, demurrer or motion in arrest. This statute was doubtless passed because of some doubt expressed by one of the judges in *State v. Spear*, 6 Mo. 644, decided in 1840, whether an appeal would lie in behalf of the State in a criminal case. Construing this statute, this court held in a number of instances that no appeal lay on behalf of the State except when brought within the *precise cases and circumstances* specified in the statute under consideration. *State v. Bollinger*, 69 Mo. 577; *State v. Risley*, 72 Mo. 609; *State v. Heisserer*, 83 Mo. 692; *State v. Ashcraft*, 95 Mo. 348; *State v. Rowe*, 22 Mo. 328. The manifest theory on which these adjudications proceed is this: That inasmuch as the State is only allowed by the statute an appeal in three distinctly specified and exceptional cases, therefore the State's right of appeal rests on certain well defined *statutory exceptions*, and that these exceptions, according to a familiar rule, are to be *strictly construed*. *State v. Risley*, *supra*.

There was no statute authority in this State for the suing out by the State of a writ of error in a criminal cause, until the enactment of section 1988 in the Revised Statutes of 1879, authorizing this to be done. That section has now become section 4292, Revised Statutes 1889. Though that section allows the State to sue out a writ of error, it can only be done in a "case in which an appeal would lie on behalf the State;" that is, as provided in section 4290, *supra*. This new section doubtless originated in three decisions of this court in which we ruled that no writ of error could issue at the instance of the State in a criminal cause. *State v. Copeland*, 65 Mo. 497; *State v. Cutter, Ib*. 503; *State v. Cox*, 67 Mo.

46.   In the last case mentioned we cited a number of authorities, holding that the State possesses no right to sue out a writ of error in the prosecution of a crime except where by statute *expressly conferred*.   The same rule holds in such case as in an appeal by the State, which only lies where an *indictment* has been held insufficient on motion, demurrer or motion in arrest.

The meaning of the technical term *"indictment"* is well defined; it means now just what it did under Blackstone's definition, to wit:   "A written accusation of one or more persons of a crime or misdemeanor, preferred to, and presented on oath by, a grand jury."   Book 4, p. 302.   And if we look to section 6570, Revised Statutes 1889, for a construction of the statute under review, we shall reach no different result as to the meaning of the term *"indictment,"* for it is there required that "technical words and phrases having a peculiar meaning in law shall be understood according to their technical import."   And it is pertinent here to remark that prosecution of misdemeanors by information was unknown to our statute books until the enactment of section 1761, Revised Statutes 1879, a section which was passed pursuant to, and in enforcement of, the provisions of section 12 of article II of the Constitution of 1875, and that the court of criminal correction of the city of St. Louis, with its budding and broadening possibilities, had not been enacted into existence until some twenty years after (Laws of 1865, 1866, p. 78, sec. 1) the statute was passed giving to the State the right of appeal in case of an indictment being quashed, etc. These facts may possibly account for the omission of the word "information" from section 4290; but whatever the cause, whether it be a mere *casus omissus* or an intentional omission by our law-makers, we can not without judicial legislation write into the statute the word "information," which the legislature has either

intentionally or else inadvertently left out. For a further discussion of this subject, see *State v. Clipper*, *ante*, p. 474.

The premises considered, we hold that the State is not entitled to a writ of error on the quashing an information for insufficiency, and therefore writ of error dismissed. All concur.

### ON REHEARING.

SHERWOOD, J.—We are asked to rehear this case on the ground that our decision is in conflict with a controlling decision of this court evidently overlooked by us, as it is said, and in conflict, also, with an express statute. To support the first ground, *State v. Burgdoerfer*, 107 Mo. 1, is cited. We did not overlook that case; it is "an old acquaintance." But there the objection we took in this case to the State bringing error upon the quashing of an indictment and *only* on quashing an *indictment*, was entirely unnoticed, either by court or counsel, and consequently the ruling in that case has no authoritative value in the case at bar.

Now as to the second ground suggested, to wit: That our decision is in conflict with an express statute, to wit, that section which provides that "the trial and all proceedings upon any information filed in a court of record shall be governed by the law and practice applicable to trials upon indictment for misdemeanor." R. S. 1889, sec. 4062. This section evidently relates to *trials* and their *ordinary incidents* when the charge is contained in an *information*. It does not relate in the remotest manner to the process of appeal or error. The two ways provided and the *only* two ways provided for that purpose are to be found in the sections heretofore quoted and they are to be found in article X of the same chapter (48) under the appropriate

title of "Appeals and Writs of Error." The case of *State v. Pittman*, 76 Mo. 56, was in reference to a demurrer to an *indictment*. *State v. Sebecca*, 76 Mo. 55, was an appeal from an *affidavit*, and the question now under review was not discussed, but it was held that the proceeding was properly dismissed by the circuit court, and on this the judgment was affirmed. In *State v. Kelm*, 79 Mo. 515, the appeal was taken by appeal to the circuit court from a justice's court on an *affidavit* for petit larceny, and being defeated in the circuit court the State appealed to this court, where it was said the proceeding in question should have been *dismissed*, but inasmuch as the circuit court arrested the judgment that judgment was affirmed. Assuredly, none of these cases afford the contention of plaintiff in error any support. For these reasons we adhere to the conclusion first announced, and therefore the judgment dismissing the writ of error must stand.

All concur.