THE STATE, *Plaintiff in Error*, v. CORNELIUS *et al.*

Division Two, March 1, 1898.

Appeal By State : INFORMATION. The State is not entitled to an appeal nor to a writ of error, on the quashing of an information for insufficiency. (Following and approving *State v. Clipper*, 142 Mo. 474, and *State v. Carr*, 142 Mo. 607).

*Error to St. Louis Court of Criminal Correction.*—HON. DAVID MURPHY, Judge.

WRIT OF ERROR DISMISSED.

*Thomas B. Harvey* and *Chester H. Krum* for plaintiff in error.

*Martin & Bass* for defendant in error.

GANTT, P. J.—This is a proceeding by information by the prosecuting attorney of the St. Louis Court of Criminal Correction against the defendants for maintaining a nuisance and keeping a common gaming house. On motion of defendants the said information was quashed and the State has appealed to this court.

The State is restricted in its right of appeal to those cases in which "an *indictment* is quashed, or adjudged insufficient upon demurrer or when judgment thereon is arrested." R. S. 1889, sec. 4290. "Indictment" is a technical word and when used in the Constitution of this State and in our statutes must be construed as having been used with the meaning attached to it at common law, to wit, an accusation preferred by a grand jury of the county wherein the offense was committed. *Ex parte Slater*, 72 Mo. 102. "An information" by the prosecuting attorney, also has a well defined meaning at common law but differs from an indictment in this, that whereas the indictment is the accusation of a grand jury, "an information is only the allegation of the officer who exhibits it." 5 Bacon's Abr., pp. 170, 172; *State v. Kelm*, 79 Mo. 515. By limiting the right of appeal from judgment holding indictments insufficient, or motions to quash, on demurrers and on motions in arrest of judgments, the legislature has denied the right in all other cases and this court can not write the word "information" into section 4290. The State can only sue out writs of error in cases in which appeals lie on behalf of the State. R. S. 1889, sec. 4292. We have so ruled in *State v. Clipper*, 142 Mo. 474; *State v. Carr*, 142 Mo. 607, and with the opinions of

SHERWOOD, J., both upon the hearing and motion for rehearing in that cause, we are satisfied.

It results that this writ of error like the appeals in *Clipper* and *Carr* cases must be dismissed because we have no jurisdiction to hear it.   Writ of error dismissed.   SHERWOOD and BURGESS, JJ., concur.