State v. Brown.

## THE STATE v. BROWN, Appellant.

Division Two, January 23, 1900.

Appeal: PROSECUTION FOUNDED ON INFORMATION: NO APPEAL.  Since section 4277, R. S. 1889, providing for appeals in criminal cases, authorizes an appeal only where defendant is convicted on a charge contained in an indictment, no appeal lies from a conviction on a charge contained in an information.

Transferred from Kansas City Court of Appeals.

APPEAL DISMISSED.

*Van Pool & Martin* and *Cole & Burnett* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   It is a final judgment upon an information and not an indictment that is appealed from, and is without statutory authority therefor.   Secs. 1 and 2 of art. VI, Constitution of 1875.   (2)   If the right to an appeal is purely statutory, then the appeal in this case must be dismissed, unless there be some authority of that character therefor.   In re Bauer, 112 Mo. 231; St. Louis v. White, 99 Mo. 475; Sec. 4277, R. S. 1889.

SHERWOOD, J.—Defendant was convicted in the Barton Circuit Court on an information filed in that court by the prosecuting attorney touching a slot machine.   Being convicted, defendant appealed to the Kansas City Court of Appeals, which transferred this cause to this court.

The only section in relation to a defendant taking an appeal is where he is convicted on a charge contained in an indictment. [Section 4277, R. S. 1889.] The right of appeal does not exist except as the result of statutory enactment. There is no such enactment as to informations, and the right of appeal was unknown to the common law. [State ex rel. v. Woodson, 128 Mo. loc. cit. 514.] Similar views were expressed by us in relation to the State taking an appeal from a judgment quashing an information. [State v. Clipper, 142 Mo. 474; State v. Carr, Ib. 607; State v. Cornelius, 143 Mo. 179. See, also, Sutherland Stat. Const., secs. 326, 327 and 328; Maguire v. State Savings Ass'n, 62 Mo. loc. cit. 346.]

For these reasons no appeal lay from the Barton Circuit Court, and the appeal taken therefrom is hereby dismissed. All concur.