State v. Boggess.

STATE OF MISSOURI, Respondent, v. J. W. BOGGESS, Appellant.

**St. Louis Court of Appeals, January 30, 1900.**

Criminal Practice: INFORMATION: APPEAL. A defendant who has been convicted upon a charge preferred in an information is not entitled to an appeal from such conviction.

Appeal from the Lawrence Circuit Court.—*Hon. Henry C. Pepper*, Judge.

APPEAL DISMISSED.

*Joseph M. McPherson* and *I. V. McPherson* for appellant.

The defendant was not arraigned and no issue was submitted to the jury. Where there is no arraignment of the defendant, there must be a reversal of the judgment of conviction. State v. Hull, 73 Mo. App. 300; State v. Walker, 119 Mo. 467; State v. Williams, 117 Mo. 379; State v. Hoffman, 70 Mo. App. 271; State v. Haycroft, 49 Mo. App. 488; State v. Hubbell, 55 Mo. App. 262; State v. Geiger, 45 Mo. App. 111.

*E. J. White* and *Joe French* for respondent.

(1) The first point raised by the appellant is that the defendant was not arraigned prior to his being placed on trial the last time after his having attempted to withdraw his plea of not guilty, for the purpose of filing his motion to quash the information. Just why the counsel for appellant should so strongly argue this point we are at a loss to know. When the record at page eleven shows that the defendant being again inquired of as to his plea, says that he is not guilty.

This will dispose of appellant's first point. Appellant claims under point 2 that the information of the prosecuting attorney is based absolutely on the affidavit of Dell Beason and that said affidavit is insufficient. (2) The information is not based on affidavit alone, but as well, on knowledge and belief of prosecuting attorney. (3) If the information was based on the affidavit, even then, it is good—the affidavit charges a complete offense as fully as is contemplated by statute. In this case the information is based on the information, knowledge and belief of the prosecuting attorney, as well as on the affidavit of Dell Beason, and is sufficient of itself and does not need the aid of any affidavit. State v. Ransberger, 106 Mo. 135; State v. Sweeney, 56 Mo. App. 409.

BOND, J.—The defendant was arrested on a warrant issued by a justice upon the complaint of a private person charging him with selling liquor without a license. The prosecuting attorney framed an information, reciting that it was based on this complaint and also upon his own knowledge, charging the defendant with the same offense. After a trial before a justice, to whom the cause was taken on change of venue, defendant appealed to the circuit court, where he was tried, convicted and granted a new trial, whereupon he withdrew his plea of not guilty, in writing, and moved the court to quash the information for certain reasons specifically stated. This motion was overruled, to which exception was duly preserved. Upon a second trial defendant was again convicted, and appealed to this court.

It has been repeatedly ruled that the state is not entitled to an appeal or writ of error on the quashing of an information for insufficiency, for the reason that such a right rests in legislative grant, and there is no statute in this state giving it. State v. Clipper, 142 Mo. 474; State v. Carr, 142 Mo. 607; State v. Cornelius, 143 Mo. 179. Since the argument

and submission of the case at bar the supreme court has de-
cided that for the same reason a defendant who has been con-
victed upon a charge preferred in an information, is not en-
titled to an appeal from such conviction.    State v. Brown,
153 Mo. 578.    Whether  this  ruling  can  be  extended
to a conviction in the St. Louis court of criminal cor-
rection (2 R. S. 1889, p. 2156, sec. 26), need not be decided,
since the case at bar did not originate in that tribunal.    It is
certainly a controlling authority in the present case.    The
appeal taken herein is therefore dismissed.    All concur.