State v. Carpenter.

THE STATE, Appellant, v. CARPENTER.

Division Two, November 12, 1901.

1. **Perjury:** APPLICATION FOR MARRIAGE LICENSE: FALSE TESTIMONY. Revised Statutes 1899, section 4321, provides that the recorder shall not issue a marriage license to any male person under twenty-one, or female person under eighteen, without the consent of parent or guardian, "which consent, if not given at the time in person, shall be evidenced by a certificate in writing." Section 2033 provides that a person is guilty of perjury who testifies falsely upon an oath legally administered in any proceeding before a public officer or on an oath prescribed by any law of the State. *Held*, that the recorder has no power, under section 4321, to administer an oath to an applicant for a marriage license, and to thereupon take his testimony as to the parent's consent, and hence false swearing under such circumstances is not perjury, within section 2033.

2. ———: ———: ———: SCOPE OF STATUTE: WRITTEN INSTRUMENTS. An applicant for a marriage license, who testifies falsely under oath before the recorder that the parent of a girl under age has consented to her marriage, is not within the provisions of Revised Statutes 1899, section 2036, which provides that a person who willfully makes "any false certificate, affidavit, or statement of any nature, for any purpose," before any officer authorized to administer oaths, shall be guilty of a misdemeanor; the statute only covering instruments in writing.

State v. Carpenter.

Appeal. from Douglas Circuit Court.—*Hon. W. N. Evans,.* Judge.

AFFIRMED.

Edward C. Crow, Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) An examination of the information shows every essential allegation to charge the crime of perjury. State v. Jennings, 98 Mo. 493; State v. Horman, 106 Mo. 635; State v. Smith, 63 Vt. 201; State v. Massey, 5 Tex. App. 81; State v. Hucksby, 87 Mo. 414; State v. Cave, 81 Mo. 454; Kelly's Criminal Law, sec. 821; State v. Pratt, 98 Mo. 482; State v. Mattingly, 8 Tex. App. 345; Com. v. Seargeant, 129 Mass. 115; Com. v. McCarty, 152 Mass. 577. The statute (sec. 2033, R. S. 1899), does not confine the offense to some court or falsely swearing in some court, but provides that it may be committed as well before some officer who, of course, must be legally authorized to administer the oath. (3) There can be no question as to the right of the recorder to administer oaths and affirmations in the usual manner. He has such authority by virtue of his office. Nor can it be questioned that he has authority to administer oaths and take acknowledgments in connection with any transaction affecting his office and official duties. The responsibility that rested upon those who performed the marital obligation prior to the Act of 1881, requiring licenses to be first obtained, now rests upon the various recorders. Beckham v. Nocke, 56 Mo. 548; State v. Griffith, 67 Mo. 287; Donahue v. Dougherty, 5 Rawle 124; State v. Billick, 103 Mo. 183. Certainly it can not be said that such an officer is not authorized to require the applicant to verify, by oath or affirmation, the correctness of the representations made in order to

obtain the license. The spirit of the law authorizes it, and necessity, as well as public policy, demands it. (4) The information also properly avers the perjury as taking place in a certain matter, fully describing the officer before whom pending, as well as the manner of the oath and by whom administered. Com. v. Reyburn, 89 Ky. 147; State v. Mace, 86 N. C. 668; State v. Knight, 84 N. C. 789; People v. White, 102 Cal. 251. While the facts set out are sufficient to show materiality of the matter falsely sworn to by defendant, yet, under our statutes and the decisions of our courts, it is unnecessary, such facts showing materiality so long as the information contains averments that such facts so falsely sworn to concerned matters material to the question to be determined. State v. Gancey, 23 Neb. 436; Ditcher v. State, 39 Oh. St. 130; State v. Williamson, 68 Ala. 551; Russell on Crimes, 639; 2 Chitty's Crim. Law, 307; State v. Doris, 69 N. C. 496.

*D. M. Coleman* and *J. C. West* for respondent.

SHERWOOD, P. J.—The State appeals because the court below quashed the information.

The defendant was prosecuted for perjury, the information being bottomed on section 2033, Unrevised Statutes 1899, and is couched in this language:

"J. S. Clark, prosecuting attorney within and for the county of Douglas, in the State of Missouri, informs the court that Marshall Carpenter on the fourteenth day of May, 1900, in the said county of Douglas, did then and there before John A. Spurlock, recorder of deeds within and for Douglas county, Missouri, in a certain cause, matter and proceeding wherein the said Marshall Carpenter had made application before the said John A. Spurlock, recorder of deeds, for a marriage license for himself and one Laura Cochran, the said John A. Spurlock

then and there having competent authority in that behalf, the said issues were then and there submitted to and tried by John A. Spurlock, recorder of deeds, upon which said issue the said Marshall Carpenter then and there appeared as a witness for the purpose of obtaining a marriage license for himself and Laura Cochran, and was then and there duly sworn and took his oath before the said recorder of deeds, which said oath was then and there administered to the said Marshall Carpenter by John A. Spurlock, who was then and there recorder of deeds of Douglas county, Missouri, having full power and competent authority to administer the said oath to the said Marshall Carpenter in that behalf, that the evidence which he, the said Marshall Carpenter, should give to the recorder of deeds aforesaid, and the statement which he, the said Marshall Carpenter, should make before the said recorder of deeds should be the truth, the whole truth and nothing but the truth, and that upon the application for said marriage license for said Marshall Carpenter and Laura Cochran aforesaid, it then and there became and was a material question whether J. L. Cochran, the father of Laura Cochran, had given his consent, in writing, for the said Laura Cochran, she the said Laura Cochran being then and there under the age of eighteen years, to marry the said Marshall Carpenter, and that the said Marshall Carpenter then and there on the application for said marriage license, upon his oath as aforesaid, feloniously, willfully, corruptly, and falsely, before the recorder of deeds aforesaid, did depose and swear in substance and to the effect following, that is to say, that on the twelfth day of May, 1900, J. L. Cochran, father of said Laura Cochran, gave his consent for him the said Marshall Carpenter to marry the said Laura Cochran, who was under the age of eighteen years, and that the said J. L. Cochran, father of the said Laura Cochran, signed a certain instrument of writing which he, the said Marshall Carpenter, presented to the said recorder of deeds, a more

particular description of which said instrument of writing this prosecuting attorney is unable to give, whereas, in truth and in fact the said J. L. Cochran on the fourteenth day of May, nor at any other time never gave his consent, in writing, for the said Laura Cochran to marry the said Marshall Carpenter, and the said J. L. Cochran never signed the aforesaid instrument, in writing, which he, the said Marshall Carpenter, presented to said recorder of deeds, and so J. S. Clark, prosecuting attorney aforesaid, says that the said Marshall Carpenter on the fourteenth day of May, 1900, at the county and State aforesaid, and before the recorder of deeds aforesaid, upon the application for the marriage license aforesaid, did in manner and form aforesaid feloniously, willfully, corruptly and falsely commit willful and corrupt perjury, against the peace and dignity of the State.

"J. S. CLARK, Prosecuting Attorney.

"J. S. Clark, prosecuting attorney, makes oath and says that the facts stated in the foregoing information are true according to his best information and belief.

"Subscribed and sworn to before me, this twenty-fifth day of March, A. D. 1901.

FRED STEWART, Circuit Clerk."

D. M. Coleman and J. C. West representing defendant, filed a motion to quash the information, alleging, among others these reasons therefor:

"First.  That the information filed herein does not charge any offense under the laws of Missouri.

"Second.  The oath charged to have been taken is not such an oath as comes within the statute on which this information is based.

"Third.  That the party, John A. Spurlock, was not competent to administer such an oath.

"Fourth. That such oath charged to have been taken is not an oath prescribed by any law or Constitution of the State nor charged to be such."

The trial court very properly held the information bad. The statute authorizes no such oath to be administered or testimony mentioned in the information, to be taken. This clearly appears when you examine those sections of the statute which relate to the issuance of marriage licenses.

Section 4321 provides that the recorder shall not issue the license to any male person under the age of twenty-one, or female person under the age of eighteen, except with the consent of the father, mother or guardian, as the case may be, which consent, if not given at the time in person, shall be evidenced by a certificate in writing, subscribed thereto and duly attested.

This section indubitably shows that only two methods are known to the law, whereby the recorder is authorized to issue marriage licenses: One where personal consent is given at the time by the parent or guardian; the other, where such parent or guardian evidences such consent by a certificate in writing.

These two methods having thus been distinctly specified, necessarily preclude any other method from being adopted. From which it results that the testimony of defendant being given in a case unauthorized by law, having no probative force, was consequently wholly worthless, and, therefore, could not be "material matter" under the provisions of section 2033. [2 Bishop New Criminal Law, sec. 1021.]

The mere fact that a recorder is authorized, generally, to administer oaths, does not go a hair towards authorizing him to administer an oath in this particular case.

But it is urged that even if the information be held bad under section 2033, yet, nevertheless, it may be held good under section 2036, which says: "Every person who shall willfully,

Vol 164 mo—38

corruptly and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily make any false certificate, affidavit or statement of any nature, for any purpose, shall be deemed guilty of a misdemeanor," etc.

The statute evidently covers only the case of something *in writing,* as for instance, an affidavit, which is a written oath; and a statement under the *ejusdem generis* rule (State v. Schuchmann, 133 Mo. 111) must also be in writing. But the information before us, does not count on any affidavit, statement or certificate, and by reason of this, section 2036 does not apply and can not apply to the questioned information.

For which reasons, we affirm the judgment. All concur.