State v. Beagles.

## THE STATE, Plaintiff in Error, v. BEAGLES.

### Division Two, May 19, 1903.

1. **Writs of Error by the State.** The State can prosecute a writ of error in the Supreme Court only in cases where the statute authorizes an appeal.

2. ————: STOPPING TRIAL. The State is not, under the statute, allowed either an appeal or writ of error, from a ruling of the trial court sustaining a demurrer to the evidence on the ground that "the information on which the trial had been begun and proceeded with to the close of the State's case, had been quashed, by the filing of a second information against the defendant for the same matter."

3. ————: RIGHT OF STATE. The State is not entitled to an appeal or to a writ of error from a ruling quashing the information in a prosecution for a felony.

Error to Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

WRIT OF ERROR QUASHED.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) The trial court held that the filing of the second information for the same matter, on June 24, 1902, quashed the information which was filed on June 27, 1902. The law is not so written in this State. The first indictment was merely suspended and new life and vitality might have been imparted to it by the quashing of the second indictment. But while we do not believe that the first information was quashed, *ipso facto,* by the filing of the second, it does not follow that the first indictment was in full force so long as the other was not quashed. The first indictment was at least suspended, and we do not believe that the defend-

ant ought to have been tried on it so long as the second indictment remained in full force. The case was probably brought here by the State in view of the decision of State v. Melvin, 166 Mo. 565. But in our opinion that decision does not convict the trial court of reversible error. While the trial court gave a "wrong reason" for its decision, still the result was right. (2) Whatever may be the merits of this controversy, it seems that the defendant must go acquit. Even though this court should hold that the trial court committed reversible error and remand this cause for trial, in that event the defendant would interpose the objection that he can not be twice put in jeopardy for the same offense. "A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he can not be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will, or by a discharge of the jury and a continuance of the cause." Cooley on Constitutional Limitations (5 Ed.), p. 399; Ex parte Snyder, 29 Mo. App. 260.

GANTT, P. J.—This record is before us on a writ of error sued out in behalf of the State.

On the 27th day of January, 1902, the prosecuting attorney of Vernon county, filed in the circuit court of said county an information against the defendant charging him with the defilement of his ward.

The defendant was arrested, duly arraigned, and pleaded "not guilty." The cause was continued and defendant entered into a recognizance for his appear-

Vol 174 mo—40.

ance at the next term.    At the May term, 1902, the cause was reached, and a jury impaneled, and the evidence on the part of the State was heard, and at its conclusion, the record recites: "The defendant demurred to the evidence and called the attention of the court to the fact that the information on which this trial was begun, had been quashed, and to show that it had been quashed called the attention of the court to the rolls and record entries in cause No. 226, being a case entitled the State of Missouri v. R. H. Beagles, and from an inspection of said rolls and record entries, the court finds that the information in the case on which this trial has so far progressed was on the 24th day of May, 1902, quashed under the provisions of section 2522, Revised Statutes 1899, by the filing of the second information against the said defendant for the same matter.    And the court therefore sustains the point raised by the defendant that there is no information in this case on which to try the defendant."

Thereupon the jury was discharged.

Thereupon the prosecuting attorney sued out this writ of error.

I.    The question which forces itself upon our attention at the outset, is the right of the State to prosecute a writ of error upon the facts disclosed.    Section 2709, Revised Statutes 1899, provides that, "When any indictment is quashed, or adjudged insufficient upon demurrer, or when judgment thereon is arrested, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney, that there is a reasonable ground to believe that the defendant can be convicted of an offense if properly charged, may cause the defendant to be committed or recognized to answer a new indictment; or if the prosecuting attorney prays an appeal to the Supreme Court, the court may, in its discretion, grant an appeal."    The State is allowed an appeal

only in the cases and under the circumstances mentioned in the foregoing section.

By section 2711, Revised Statutes 1899, "if no appeal be taken by or allowed to the State in any case in which an appeal would lie on behalf of the State, the prosecuting attorney may apply for and prosecute a writ of error in the Supreme Court, in like manner and with like effect as such writ may be prosecuted by the defendant," etc. This last mentioned section was evidently intended to grant the State the right to bring up a criminal case by writ of error, a right which this court held had not been granted in the condition of the law up to the time of the decisions in State v. Copeland, 65 Mo. 497, and State v. Cox, 67 Mo. 46.

Writs of error are only allowed, however, by section 2711, supra, in cases in which an appeal would lie.

In State v. Clipper, 142 Mo. 474, and State v. Carr, 142 Mo. 607, and State v. Cornelius, 143 Mo. 179, and State v. Van Brunt, 147 Mo. 20, it was ruled by this court that the right of appeal given to the State was limited to the quashing of an *indictment,* or adjudging an *indictment* insufficient on demurrer, or arresting a judgment on an *indictment,* and that the statute did not include a right of appeal from a judgment quashing an *information,* or adjudging it bad on demurrer. It is true that in State v. Carpenter, 164 Mo. 588, the appeal was entertained, but the point was not made and in so far as it militates against the conclusions reached in the Carr and Clipper and other like cases it is not to be regarded as in any manner changing the law as therein announced. Afterwards, when the right of a defendant to appeal from a conviction on an information was questioned in State v. Thayer, 158 Mo. 36, the Court in Banc, while construing the statute as allowing an appeal to the defendant, carefully refrained from overruling the Carr and Clipper cases as to the right of the State. So that if this were a question of the sufficiency of the information, it is clear the State could

not prosecute this writ of error because the statute has not allowed it.   But we think it is clear the circuit court did not pass upon the sufficiency of the information, but ruled simply that the first information, the one on which the defendant had been put on trial, had been quashed by the filing of a new information.   We think it is obvious in view of the exclusive language of sections 2708, 2709 and 2711, Revised Statutes 1899, that neither an appeal nor writ of error lies from the ruling of the circuit court on the question raised, and as our jurisdiction is appellate only, it follows that we are forbidden to review the action of the circuit court, and the writ of error is therefore quashed and dismissed.

*Burgess* and *Fox, JJ.,* concur.