## THE STATE, Appellant, v. ROZELLE.

### Division Two, May 19, 1903.

**Appeals: RIGHT OF STATE.** The State does not have the right to an appeal from a judgment of the circuit court quashing an information. [Overruling State v. Carpenter, 164 Mo. 588].

Transferred from Kansas City Court of Appeals.

APPEAL DISMISSED.

*Edwin L. Moore* for the State.

The first question is, whether or not the State can appeal, this being a prosecution by information rather than indictment. It will be remembered that in three cases, much to the surprise of bench and bar, the Supreme Court decided that the State did not have the right to appeal in prosecution by information. State v. Clipper, 142 Mo. 474; State v. Carr, 142 Mo. 607; State v. Cornelius, 143 Mo. 179. Then, in a subsequent case, in construing similar sections of the statute the court held that a defendant in a prosecution by information has no right of appeal. State v. Brown, 153 Mo. 578. And in a third decision the court overruled the Brown case, and avoided the other three cases with the remark that they were construing different sections of the statute. State v. Thayer, 158 Mo. 43. In this connection we may be pardoned the suggestion that two previous rulings of the Supreme Court have been apparently overlooked, which hold that under the Constitution litigants can not be deprived of the right to have their cases reviewed. St. Louis v. Marchel, 99 Mo. 475; Blunt v. Sheppard, 1 Mo. 219.

*R. J. Tucker* for respondent.

Has the State a right to appeal in this sort of prosecution? Appellant on that point cites the following authorities.    State v. Clipper, 142 Mo. 474; State v. Carr, 142 Mo. 607; State v. Cornelius, 143 Mo. 179; State v. Brown, 153 Mo. 578; State v. Thayer, 158 Mo. 36.   The last decision of the Supreme Court upon this proposition is reported in 158 Mo. 36 (State v. Thayer).   The Court in Banc in that case seem to be unanimous upon the proposition that the State could not appeal, but three-sevenths of the Court insisted that neither the State nor the defendant could appeal.

FOX, J.—On the 16th day of September, 1901, the prosecuting attorney filed an information in the circuit court of Barton county, charging respondent with the offense of libel, in that he published in the Leader certain language concerning Arthur Aull. On January 11, 1902, an amended information was duly filed with leave of court. Respondent filed a demurrer thereto, and the same was sustained by the court, and final judgment was entered discharging the respondent; the State then duly appealed.

The appeal in this case from the Barton Circuit Court was taken to the Kansas City Court of Appeals. That court dismissed the appeal upon the ground that the State had no right of appeal from the judgment of the Barton Circuit Court.   One of the judges of the Court of Appeals deeming the decision contrary to the last previous ruling of the Supreme Court, contained in the case of State v. Carpenter, 164 Mo. 588, in pursuance of the provisions of the Constitution, this case was certified to this court for review.

At the very inception of the investigation of the questions involved in this case, we are confronted with

the challenge on the part of respondent of the right of the State to prosecute its appeal. If respondent's contention is correct, the controversy in this case is at an end.

We find in the case of State v. Beagles, 174 Mo. 624, decided at the present term of this court, a companion case to the one before us. While in that case the State prosecuted its writ of error in the Supreme Court, it will be noted that writs of error are only allowed in cases in which an appeal would lie, hence, the discussion of the question in that case and the conclusion reached, control and will be folllowed in the case before us.

In the Beagles case, the statute authorizing an appeal by the State is quoted, which is as follows:

"When any indictment is quashed, or adjudged insufficient upon demurrer or when judgment thereon is arrested, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney, that there is a reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment; or if the prosecuting attorney prays an appeal to the Supreme Court, the court may, in its discretion, grant an appeal." [Sec. 2709, R. S. 1899.]

GANTT, J., in that case, says: "The State is allowed an appeal only in the cases and under the circumstances mentioned in the foregoing section."

In further discussing the right of the State to appeal from a judgment quashing an information or holding it insufficient on demurrer or arresting a judgment on an information, he says: "In State v. Clipper, 142 Mo. 474, and State v. Carr, 142 Mo. 607, and State v. Cornelius, 143 Mo. 179, and State v. Van Brunt, 147 Mo. 20, it was ruled by this court that

the right of appeal given to the State was limited to the quashing of an *indictment,* or adjudging an *indictment* insufficient on demurrer, or arresting a judgment on an *indictment,* and that the statute did not include a right of appeal from a judgment quashing an *information,* or adjudging it bad on demurrer. Afterwards, when the right of a defendant to appeal from a conviction on an information was questioned in State v. Thayer, 158 Mo. 36, the Court in Banc, while construing the statute as allowing an appeal to the defendant, carefully refrained from overruling the Carr and Clipper cases as to the right of the State. So that if this were a question of the sufficiency of the information, it is clear the State could not prosecute this writ of error because the statute has not allowed it.''

The case of State v. Carpenter, 164 Mo. 588, it is true, was a case appealed by the State from a judgment quashing the information, but we take it that case should not be regarded as controlling authority on this question. The question involved as to the right of the State to appeal from the judgment, on motion to quash the information, was never presented and doubtless was never thought of in reviewing the action of the trial court.

It is very clear that the attention of the learned judge, in the Carpenter case, was not called to the point involved. This is made the more evident when we review the former cases. In the Clipper and Carr cases, supra, the first cases involving this question, the same learned judge announced the rule that the State did not have the right of appeal, that wrote the opinion in the Carpenter case. In the Cornelius case, supra, decided by Judge GANTT, he concurred in the opinion.

In the case of State v. Brown, 153 Mo. 578, the rule was announced for the first time, by the same judge, that the defendant could not appeal from a

judgment of conviction, upon an information, and where the case of State•v. Thayer, 158 Mo. 36, over-ruled the Brown case, the same able judge who decided the Carpenter case, remained consistent and dissented.

In view of these cases, and of the fact that the question was not urged in the Carpenter case, and that there is an entire absence of any expression or intimation therein of any change of views upon this question, and no announcement of any rule in conflict with the former cases, we will not follow that case as controlling authority upon the question before us.

This court, in all the cases where this question was presented, has been unanimous in its opinion that the State did not have the right of appeal.

Entertaining the views as herein expressed, the appeal herein will be dismissed. All concur.