### THE STATE, Appellant, v. ADAMS.

#### Division Two, January 31, 1906.

APPEAL BY STATE: Information: Felony. The State is not, in the present condition of the statutes, entitled to an appeal from the ruling of the court sustaining a demurrer to an information charging a felony, or sustaining a motion to quash. The statutes in no case give the State an appeal in prosecutions begun by information.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

APPEAL DISMISSED.

*Herbert S. Hadley,* Attorney-General, *John Kennish,* Assistant Attorney-General, *G. N. Fickeissen* and *Grant Gillespie* for the State.

The question to be answed is whether or not, under the circumstances in this case, the State has a right to appeal the prosecution herein by information. Under the decision of the Supreme Court in the cases of State v. Beagles, 174 Mo. 624, and State v. Rozelle, 174 Mo. 632, and cases cited, no appeal can be taken by the State on a judgment sustaining a demurrer to an information, for the reason that section 2709, Revised Statutes 1899, applies to indictments only. It seems, however, that at the time the Beagles and Rozelle cases were decided, the attention of the court was not called to the amendment of section 2476, Revised Statutes 1899, authorizing the prosecution of felonies and misdemeanor by indictment or information, and the amendment of section 2482, Revised Statutes 1899, relating to the proceedings

upon information filed in a court of record.  The amend-
ments placed prosecutions of felonies by information on
the same basis as by indictment, leaving it to the dis-
cretion of the circuit or prosecuting attorney as to ·
whether he would proceed by information or await an
indictment preferred by the grand jury.


FOX, J.—This cause is here upon appeal by the
State from a judgment upon a demurrer which was sus-
tained, to the information filed in this cause by the cir-
cuit attorney.

On the 15th of March, 1905, the circuit attorney of
the city of St. Louis filed in the circuit court of said
city, against the defendant, an information, omitting
formal parts, as follows:

"Arthur N. Sager, circuit attorney within and for
the city of St. Louis (said city of St. Louis being the
Eighth Judicial Circuit of the State of Missouri), now
here in court on behalf of the State of Missouri, and on
his official oath, information makes, that Charles Adams
on the thirtieth day of August, one thousand nine hun-
dred and four, at the city of St. Louis aforesaid, unlaw-
fully, feloniously, knowingly and designedly with the in-
tent to cheat and defraud one Annie Coulter, did falsely
and fraudulently represent, pretend and state to the
said Annie Coulter, that a certain piano known as the
Draper piano which he, the said Charles Adams then
and there had, was then and there a piano of the value of
five hundred dollars, and of the market value of five
hundred dollars, and that said Draper piano was a piano
of a make, brand and manufacture that theretofore had
been and then and there was in the market at a fixed
market price of five hundred dollars; and she, the said
Annie Coulter, believing the said false pretenses and
representations, so made by the said Charles Adams as
aforesaid, to be true, and being deceived thereby, was
then and there induced by the said false representa-

tions and pretenses so made as aforesaid, to purchase said Draper piano from the said Charles Adams, and to pay over and deliver to the said Charles Adams as the purchase price for said Draper piano, one hundred and eighty dollars, lawful money of the United States, and one Lakeside piano of the value of two hundred and thirty dollars; and she, the said Annie Coulter, then and there did pay over and deliver to him, the said Charles Adams, the said one hundred and eighty dollars lawful money of the United States, and said Lakeside piano; and that he, the said Charles Adams, by means of the said pretenses and representations so made to the said Annie Coulter, as aforesaid, unlawfully, feloniously, knowingly and designedly did then and there obtain of and from the said Annie Coulter the said sum of one hundred and eighty dollars lawful money of the United States and the said Lakeside piano, all of the money and property of the said Annie Coulter, and of the value of four hundred and ten dollars, with the intent then and there her, the said Annie Coulter, to cheat and defraud of the same. Whereas, in truth and in fact, the said certain piano known as the Draper piano, which he, the said Charles Adams, then and there had and sold to her, the said Annie Coulter, was not then and there of the value of five hundred dollars, and of the market value of five hundred dollars, and was not then and there a piano of a make, brand and manufacture that theretofore had been and then and there was in the market at a fixed market price of five hundred dollars, as he, the said Charles Adams, then and there well knew; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.''

To this information counsel for defendant interposed a demurrer, which was sustained by the court July 5, 1905. From the action of the court in sustaining the demurrer to the information and rendering judgment thereon, discharging the defendant, the State ap-

pealed September 11, 1905, during the term of the court at which judgment was rendered.

The record, as herein indicated, is now before us for consideration.

### OPINION.

The first and most important question involved in the record, as herein indicated, is the right of the State to appeal from the judgment upon the demurrer to the information, which was by the trial court sustained. In the recent cases of State v. Beagles, 174 Mo. 624, and State v. Rozelle, 174 Mo. 632, after a full review of all the authorities, it was held that there was no right of appeal by the State upon a judgment sustaining a motion to quash or demurrer to the information, for the reason that section 2709, Revised Statutes 1899, authorizing an appeal by the State, is applicable alone to judgments sustaining motions to quash or demurrers to indictments.

It is practically conceded by learned counsel representing the State in this cause, that if those cases correctly declare the law, then there is no right of appeal by the State, and it is suggested that the attention of this court at the hearing of those cases, was not directed to the amendments of sections 2476 and 2482, Revised Statutes 1899. This court, in the disposition of the cases referred to, was fully advised of the amendments to which our attention is now specially directed. We are unable to perceive wherein the rule or the reasons for it announced in State v. Clipper, 142 Mo. 474; State v. Carr, 142 Mo. 607; State v. Cornelius, 143 Mo. 179; and State v. Van Brunt, 147 Mo. 20, have in any way been affected or changed by reason of the amendments of the sections referred to. Sections 2708 and 2709, Revised Statutes 1899, which confer the right of appeal upon the State, have in no way been changed. It is expressly provided by section 2708 that the State can ex-

ercise the right of appeal "only in the cases and under the circumstances" provided by section 2709, and that section limits the right of appeal by the State from judgments holding *indictments* insufficient upon motion to quash or demurrer or in arrest of judgment. The only substantial change by the amendment of section 2476 was to authorize the prosecution of felonies either by indictment or information, and it in no way alters the application of the rule announced in the cases last cited, which were followed and approved in the Beagles and Rozelle cases. The crucial question is the right of the State to appeal, and it makes no difference whether the appeal is from a judgment sustaining a motion to quash or demurrer to an information charging a misdemeanor or a felony, the statute authorizing an appeal by the State is applicable alike to both; hence in principle the cases cited are equally applicable to appeals by the State in felony cases prosecuted by information as they are to informations for misdemeanors. The amendment to section 2482 was simply to make it conform to the amendment of section 2476, which provided that both felonies and misdemeanors could be prosecuted either by indictment or information. The amended section as now in force, provides: "The trial and all proceedings upon any information filed in a court of record shall be governed by the law and practice applicable to trials upon indictment in said court."

It will be observed that prior to the amendment, section 2482 provided that the trial and proceedings upon informations shall be governed by the law and practice applicable to trials upon indictments for misdemeanors. Now, it is manifest, if the amended section, which applies to both information for misdemeanors and felonies, confers the right of appeal upon the State in felony cases, that it logically follows that the same section, prior to its amendment, would have authorized an appeal by the State in cases of misdemeanor. This

section, prior to its amendment, was directly called to the attention of this court in State v. Carr, supra, on rehearing. In that case the right of appeal was denied the State, and on motion for rehearing it was suggested that the decision was in conflict with section 4062, Revised Statutes 1889, which is the same as section 2482 in the revision of 1899, and it was in that case, as it is in the case at bar, urged that the terms of the statute embraced the right of appeal by the State in cases of this character. It was expressly ruled that such was not the force and effect of that section, and that it had no application to the subject of appeal. In passing on this proposition it was said: "Now as to the second ground suggested, to-wit: That our decision is in conflict with an express statute, to-wit, that section which provides that 'the trial and all proceedings upon any information filed in a court of record shall be governed by the law and practice applicable to trials upon indictment for misdemeanor.' [R. S. 1889, sec. 4062.] This section evidently relates to trials and their ordinary incidents when the charge is contained in an information. It does not relate in the remotest manner to the process of appeal or error. The two ways provided and the only two ways provided for that purpose are to be found in the sections heretofore quoted and they are to be found in article 10 of the same chapter (48) under the appropriate title of 'Appeals and Writs of Error.' "

The cases herein cited must be held decisive of the proposition presented by the record in this cause. The conclusion having been reached upon the first proposition, that the State has no right of appeal in this cause, it is unnecessary to discuss the remaining questions presented by the record.

It is therefore ordered, for the reason herein indicated, that the appeal be and it is hereby dismissed.

All concur.