## STATE OF MISSOURI, Appellant, v. ROSS, Respondent.

### St. Louis Court of Appeals, May 8, 1906.

PRACTICE IN CRIMINAL CASES: Appeal: Demurrer to Information. Under sections 2708 and 2709, Revised Statutes 1899, appeals on behalf of the State in criminal cases will lie only when an "indictment" is quashed, adjudged insufficient on demurrer or the judgment thereon arrested; an appeal on behalf of the State will not lie from the ruling of the trial court sustaining a demurrer to an "information."

Appeal from Greene Criminal Court.—*Hon. Jas. J. Gideon,* Judge.

DISMISSED.

*Roscoe Patterson* for appellant.

*P. T. Allen, A. H. Wear* and *T. J. Delaney* for respondent.

119 App.—26

STATEMENT.—This is a proceeding by information charging the commission of three several misdemeanors in three several counts. In the first count, it is charged that defendant did, on July 12, 1903, "said day being the first day of the week commonly called Sunday, . . . . willfully and unlawfully expose to sale certain goods, wares and merchandise, to-wit; soda-water," etc. In the second count, it is charged that the defendant did on said 12th day of July, 1903, "said day being the first day of the week and commonly called Sunday, . . . willfully and unlawfully expose to sale certain goods, wares and merchandise, to-wit: ice cream," etc. In the third count, it is charged that the defendant did, on said 12th day of July, 1903, "said day being the first day of the week, commonly called Sunday, . . . willfully and unlawfully expose to sale certain goods, wares and merchandise, to-wit: cigars and tobacco," etc. All of which was alleged to have occurred in Greene county.

Defendant interposed a demurrer to the information for numerous reasons specified therein, which are unimportant at this time, inasmuch as they will not be further noticed.

The trial court sustained the demurrer to the first and second counts and overruled the same as to the third count. The State, after proper preliminary steps, perfected its appeal.

NORTONI, J. (after stating the facts).—There are no assignments of error before the court nor briefs filed on behalf of either party to the record. Notwithstanding this fact, however, under the provisions of section 2716, R. S. 1899, it becomes the duty of the court "to proceed without delay and render judgment upon the record." The statutory mandate proceeds, of course, upon the theory that the court has jurisdiction of the cause, for without such, there is no power to determine or "to render judgment upon the record," and therefore the ques-

tion of the jurisdiction of the court, lying at the very threshold of the case, it is important, first, to inquire in that behalf and ascertain whether we have power to adjudicate the questions raised by the demurrer.

From an examination of the record, it appears that the appeal is by the State from the judgment of the court below in sustaining the demurrer to the first and second counts of the information charging the defendant with the commission of certain misdemeanors. Now, at common law, there was no remedy by appeal, and it exists in our law to-day only by virtue of the statutes. About the year 1840, in State v. Spear, 6 Mo. 644, Judge TOMPKINS expressed doubt as to whether or not the general statute then in force on the question of appeals in criminal cases, conferred the right of appeal on the State, and this expression no doubt brought about the enactment of our present statute on the subject. It is provided in that enactment as follows: "The State, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in the next succeeding section." [Section 2708, R. S. 1899.] The next succeeding section referred to is section 2709, R. S. 1899. It designates three instances, and three only, in which it is competent for the State to appeal in criminal cases. These are, first: "when an indictment is quashed:" second, (when an indictment is) "adjudged insufficient upon demurrer" or third, "when judgment thereon (i. e., indictment) is arrested." This statute has been given a strict construction in numerous cases and the right of the State to appeal uniformly denied except in instances falling strictly within the cases and circumstances specified therein. For instance, in a case where the defendant was discharged on motion in arrest because at the time of the commission of the offense, the defendant was a slave, and as such, was not liable to punishment, the State's appeal was denied on the ground that the motion in arrest was not levelled or sustained against the suf-

ficiency of the indictment. [State v. Bollinger, 69 Mo. 577.] In a case where the indictment was held insufficient on motion made *ore tenus* at the trial, the State's appeal was denied on the ground that even though the indictment was insufficient, it was not subject to attack by objection *ore tenus* to the introduction of evidence and therefore it was neither quashed nor held insufficient on demurrer within the contemplation of the statute. [State v. Risley, 72 Mo. 609.] Where the defendant was discharged on a plea in abatement to the indictment, the State's appeal was denied on the ground that the indictment had not been quashed or held insufficient on demurrer, nor judgment thereon arrested. [State v. Heisserer, 83 Mo. 692.] Where the defendant was discharged under the statute because he had not been brought to trial before the end of the third term, the State's appeal was likewise denied on the ground that the judgment appealed from was not one holding the indictment insufficient on motion to quash or demurrer nor had the judgment been arrested on account of the insufficiency of the indictment. [State v. Ashcraft, 95 Mo. 348, 8 S. W. 216.] Where the defendant filed a special plea to the indictment and demurrer by the State to such special plea was overruled, the State's appeal was denied on the ground as above, that the indictment had not been quashed or held bad on demurrer nor judgment arrested thereon. [State v. Rowe, 22 Mo. 328.] And in consonance with the doctrine of these cases, it has been frequently held that no appeal or writ of error will lie on behalf of the State under these statutes in any case or prosecution for misdemeanor by information, the principles of the adjudications being that the word "indictment" used in the statute from an adverse ruling on which, in an attack by demurrer, motion to quash or motion in arrest, the State is authorized to appeal, is a word of technical common law import, and when employed in the Constitution and laws of this State, means the same as at

common law, a presentment or accusation by the grand jury, as contradistinguished from information, which, at common law, was the presentment or accusation of the crown officer under his oath of office, and that therefore the Legislature, having employed the word "indictment" solely in the statute authorizing appeal by the State, necessarily limited the right of appeal to such adverse rulings on an indictment as therein contemplated and thereby excluded the right of appeal from the same rulings on an information. [State v. Cornelius, 143 Mo. 179, 44 S. W. 717; State v. Carr, 142 Mo. 607, 44 S. W. 776; State v. Clipper, 142 Mo. 475, 44 S. W. 264.]

Following up this line of adjudications, our Supreme Court has recently decided that notwithstanding our Constitutional amendment and statutes authorizing the prosecution of felonies, by information, no appeal lies on behalf of the State from a judgment discharging the defendant upon a demurrer to an information charging a felony, although the Revised Statutes of 1899, sections 2476 and 2482, as amended, Laws of Mo. 1901, p. 139, authorize the prosecution of both felonies and misdemeanors by indictment and information and provide that proceedings upon information shall be governed by the law and practice applicable to trials upon indictments. The principle of this case is the same as those above cited; that the statute authorizing the appeal limits the same to adverse rulings on demurrer to, or quashing the indictment, or to judgments arrested on indictments, as distinguished from information supra. [State v. Adams, 193 Mo. 196, 91 S. W. 946.] The appeal in this case, being as it is by the State, from an adverse ruling on a demurrer to the information rather than an indictment, it is clear under the adjudications cited, that this court acquired no jurisdiction thereby, for the reasons that the statute authorizes such appeals only when an indictment, rather than an information, is

quashed or adjudged insufficient on demurrer, or judgment thereon is arrested.

For the reasons given, the appeal will therefore be dismissed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.