THE STATE OF MISSOURI, Respondent, v. WILLIAM L. HOWELL, Appellant.

St. Louis Court of Appeals, February 5, 1889.

1. **Indictment: FOREMAN'S INDORSEMENT.** There being no statutory specification of the place on an indictment where the indorsement by the foreman of the grand jury shall be entered, no reason appears why an entry of the proper formula and signature at the foot of the indictment should not be held a sufficient compliance with the law.

2.  Criminal Law:  INSUFFICIENT PROOFS.   Under an indictment
founded upon section 1358, Revised Statutes, which forbids that
any person shall "wilfully and maliciously  *  *  *  throw down
or open any gate, bars or fence and leave the same down or open,"
etc., evidence which tended to prove nothing more than that the
defendant " threw down the fence of R. H. Goodell, and then and
there went through and across the premises of said R. H. Goodell
without his knowledge and consent," was insufficient for a convic-
tion, and the defendant was entitled to his discharge.

*Appeal from the Oregon Circuit Court.*—Hon. J. F.
Hale, Judge.

REVERSED ( *and defendant discharged* ).

ROMBAUER, P. J., delivered the opinion of the
court.

Section 1358, Revised Statutes, provides among
other things :  "Every person who shall wilfully and
maliciously  *  *  *  throw down or open any gate,
bars or fence, and leave the same down or open, being
the property of another  *  *  *  or enclosing the land
of another, in which such person has no interest, shall
be deemed guilty of a misdemeanor."

The grand jury of Oregon county, August 30, 1887,
preferred an indictment against the defendant and others
charging that " Wm. L. Howell, Lee Howell and E. D.
Arbagast on the first day of August, 1887, at and in the
county of Oregon and state of Missouri did then and
there wilfully, maliciously and wantonly and without
cause, open, throw down and injure a fence, the prop-
erty of one R. H. Goodell, which fence inclosed the
premises of the said R. H. Goodell, said fence not
being the property of the said Wm. Howell, Lee
Howell and E. D. Arbagast, or in which they had
any interest,  *  *  *  and then and there said fence
did throw down, and leave down wilfully, maliciously
and wantonly, against the peace and dignity of the
state."

At the foot of the indictment appears the words, "Jas. F. Acree—a true bill—foreman of the grand jury."

The defendant moved to quash this indictment, because not properly endorsed as a true bill by the foreman. Because it does not conclude "against the peace and dignity of the state." Because the misdemeanor charged in the indictment is charged to have been committed more than one year before the finding of this indictment.

This motion was overruled, and we think properly so. It appears by the indictment that the offense was committed within one year next preceding, and while the indictment contains a recital of a former indictment for the same offense, which was quashed, it does not appear that the former indictment was anterior to the year 1887, much less anterior to August, 1886. The recital was therefore unnecessary. The indictment *concludes* against the peace and dignity of the state. While the law requires the foreman to indorse a true bill with the name signed thereto on the indictment, we are not aware that such indorsement is insufficient, if made on any part of the indictment. The defendant was arraigned, tried and sentenced to pay a fine of five dollars. The only evidence adduced at the trial was as the record recites, "testimony tending to prove that the defendant W. L. Howell, some time in the year 1887, in Oregon county, Mo., threw down the fence of R. H. Goodell and then and there went through and across the premises of said R. H. Goodell without his knowledge and consent." This constitutes no offense under the statute above recited. The offense consists of throwing a fence down *and leaving it open.* The distinction between the two cases, and the reason for the distinction, are obvious.

The defendant moved for a new trial, among others on the ground that the verdict was against the evidence.

The indictment was evidently framed under the section of the statute hereinabove set out. We are

aware of no other under which it could have been framed. As the evidence fails to substantiate the charge, it results that the judgment must be reversed regardless of any other errors. Judgment reversed and defendant discharged.