STATE OF MISSOURI, Respondent, v. HAYS,
Appellant.

**St. Louis Court of Appeals, February 7, 1905.**

1. **CRIMES: Pulling Down Fence.** Under section 1958 of the Re-
vised Statutes of 1899, one who tore down a fence, in which he
had no interest, between his land and that of a neighbor, was
guilty of a crime although the fence was. not so far com-
pleted as to "inclose" the neighbor's land.

2. **PRACTICE: Timely Exception.** Unless a timely exception is
saved to the admission of incompetent testimony, the error
can not be reviewed on appeal.

Appeal from Jefferson Circuit Court.—*Hon. Frank R.
Dearing*, Judge.

AFFIRMED.

*Kleinschmidt & Reppy, Joseph G. Williams* and
*A. T. Brewster* for appellant.

*Clyde Williams* and *R. A. Frazier* for respondent.

GOODE, J.—This appellant was convicted of tear-
ing down part of a cross fence between his farm and
an adjoining one. The fence belonged to his neighbor
and he had no interest in it. The information on which
he was convicted counted on section 1958 of the Re-
vised Statutes of 1899 and the main point relied on
for reversal is that the fence did not join to the fence
running at right angles to it and hence was not an
inclosure. The building of the fence was in progress
when the defendant tore it down. The neighbor was
running it to join another fence but the supply of rails
gave out before he had extended it to a junction with
the other, and while he was waiting for more rails the

defendant committed the depredation. The section of the statute on which the prosecution is founded makes it a misdemeanor to wrongfully or maliciously pull down, injure or destroy part of a fence. The word "inclosure" is used in the statute at one place, but disjunctively. It is an offense, too, to throw down any bars or fences inclosing the land of another. But aside from those clauses there are other provisions by which it is constituted a crime "to pull down, injure or destroy a gate, post, railing or fence, or any part thereof." The defendant committed a crime if, as the jury found, he pulled down the fence of his neighbor, though it was not yet so far constructed as to inclose the neighbor's land.

A question is raised about the cross-examination of one or two of the defendant's witnesses who testified as to his reputation for peace and quiet. One of those witnesses volunteered the information while testifying in chief, that the defendant had been put under bond to keep the peace, and another made the same statement on cross-examination. No exception was saved to this testimony.

The judgment is affirmed. All concur.