STATE OF MISSOURI, Defendant in Error, v. GIFT, Plaintiff in Error.

**St. Louis Court of Appeals, April 4, 1905.**

1. **CRIMINAL PRACTICE:** Information: Discrepancy in Dates. Under section 2535, Revised Statutes of 1899, relating to practice in criminal cases, an information charging one with tearing down a fence in violation of section 1958 of the Revised Statutes, is good after verdict, though it places the offense at a date different from that stated in the affidavit on which the information was based, where it refers to the affidavit as an attached paper and charges an offense based on the very act complained of in the affidavit.

2. ——: ——: Description. Where the information in such case charges the offense in the language of the statute, it is sufficient without describing the land on which the fence stood.

AFFIRMED.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

*J. A. Watson* for defendant in error.

*C. D. Jamison* and *H. B. Perry* for plaintiff in error.

(1) In all charges wherein title to soil, rights of public, etc., are in issue, the place must be set out. This principle is recognized in the following opinions though the indictments therein are held sufficient on this point, because the locality was sufficiently described: Com. v. Tolman (Mass.), L. R. A., book 3, p. 747; Com. v. Logan, 12 Gray 136; Com. v. Gallagher, 1 Allen 592. (2) Where it is essential to advise the defendant of the precise offense charged, and an averment in the language of the statute is not sufficient to do so, the courts will require the information to be more spe-

cific: People v. Taylor, L. R. A., book 21, p. 287. (3) If the statute does not set forth all the elements necessary to constitute the offense, an indictment is not sufficient which simply follows the words of the statute: State v. Howard (Minn.), L. R. A., book 34, p. 178. (4) It is not always sufficient to allege facts and circumstances in the language of the statute. U. S. v. Carl, 105 U. S. 611; U. S. v. Cruikshanks, 92 U. S. 542; Com. v. Clifford, 8 Cush. 215; Birney v. State, 8 Ohio 238. (5) All information filed before justices of the peace must be based on the affidavit of some person. This formality may consist in the official oath of the prosecuting attorney of the county, or the written affidavit of the party complaining: Sec. 2749, chap. 16, art. 12, R. S. 1899, p. 706. (6) This case was treated all the way through, however, as being based on the affidavit accompanying the transcript from the justice of the peace. Such being the case there is a fatal departure in the plea of the State. This defect might, of course, have been remedied in the justice's court by amendment, but after it reached the circuit court it was then too late for such a step: State v. Stegall, 65 Mo. App. 243; State v. Russell, 88 Mo. 648; State v. Kempel, 27 Mo. App. 392.

GOODE, J.—Appellant was informed against for tearing down a rail fence belonging to Martha A. Lane and in which appellant had no interest. The prosecution was on section 1958 of the Revised Statutes of 1899. We are asked to hold the information bad because it purports to be founded on the affidavit of an informant but fails to follow the affidavit. The only difference between the two papers is as to the date of the offense, which is stated in the affidavit to have been November 21, 1902, and in the information December 21, 1902. The information refers to the affidavit as an attached paper and charges an offense based on the very act of the appellant complained of in the affidavit. The dis-

crepancy in the dates is no cause for quashing the information after verdict. R. S. 1899, sec. 2535. Any date within a year of the filing of the information would sustain a conviction.

The information is said to be fatally defective in failing to describe the land on which the fence stood. The offense was charged' in the language of the statute and is sufficient.

Judgment is affirmed. All concur.