STATE OF MISSOURI, Appellant, v. JOHN MAC-LAY et al., Respondents.

St. Louis Court of Appeals, February 3, 1914.

1. **APPELLATE PRACTICE:** Crimes and Punishments: Quashing Information: Right of State to Appeal. Under Secs. 5304 and 5305, R. S. 1909, an appeal lies on part of the State from an order quashing an information in a criminal case.

2. **FENCES:** Destruction: Indictments and Informations. Sec. 4598, R. S. 1909, relating to the breaking, destruction or injury of fences, etc., denounces a number of offenses, and it is sufficient if the information charges any one of them in the language of the statute.

3. ———: ———: ———. An information, under Sec. 4598, R. S. 1909, charging that defendant did wilfully and maliciously pull down a wire fence, the same being the property of a person designated, and in which defendant had no interest, was not vulnerable to attack on the ground it failed to further charge defendant with not only pulling down the fence but that he left it open or down, since the statute makes it an offense to merely pull down the fence of another, in which the accused has no interest.

4. ———: ———: ———. An information charging defendant with pulling down a fence belonging to another, in violation of Sec. 4598, R. S. 1909, is sufficient if it charges the offense in the language of the statute, although it does not describe the land upon which the fence was situated.

Appeal from Washington Circuit Court.—*Hon. Jesse C. Sheppard*, Special Judge.

REVERSED AND REMANDED.

*W. A. Cooper,* Prosecuting Attorney, *M. E. Rhodes* and *Byrns & Bean* for appellant.

The information, following the language of the statute as it does, is sufficient. State v. Batson, 31 Mo. 343; State v. Hays, 110 Mo. App. 440; State v. Gift, 112 Mo. App. 200; Kelley's Criminal Law and Practice, page 510.

*Edw. T. Eversole* and *S. G. Nipper* for respondents.

NORTONI, J.—This case originated before a justice of the peace. Defendants were informed against by the prosecuting attorney in that court for maliciously pulling down a wire fence. The case found its way into the circuit court by appeal from the justice, where defendants filed a motion to quash the information, for that it failed to charge an offense against them under our statute. The court sustained this motion and quashed the information. From this judgment the State prosecutes the appeal here.

The information in full is as follows:

"Information for a Misdemeanor.

Before H. P. Kidd, Justice of the Peace Within and for Breton Township, Washington County, Missouri.

State of Missouri,    ⎫
County of Washington. ⎬ ss.
                ⎭

State of Missouri, Plaintiff,

    v.

John Maclay, John Johnson, Steve Johnson, James Casey and Robert Maness, Defendants.

"W. A. Cooper, Prosecuting Attorney within and for the county of Washington, in the State of Missouri, upon his official oath, informs H. P. Kidd, a Justice of the Peace, within and for said township, county and State, that on the 13th day of January, A. D. 1911, at

and in the township of Breton, county of Washington, in the State of Missouri, John Maclay, John Johnson, Steve Johnson, James Casey, and Robert Maness, did then and there, willfully and maliciously pull down a wire fence, the same being the property of M. E. Rhodes, in which the said John Maclay, John Johnson, Steve Johnson, James Casey, and Robert Maness had no interest, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri.

W. A. COOPER,<br>PROSECUTING ATTORNEY."

Formerly an appeal did not lie on the part of the State from a judgment of the court quashing an information as the statute did not authorize it. Appeals were long since authorized on the part of the State in cases where the court held an indictment insufficient, but the Supreme Court declared no appeal would lie from the quashing of an information because the word "information" was omitted from the statute giving appeals to the State. [See State v. Adams, 193 Mo. 196, 91 S. W. 946.] However, the statute thus construed by the Supreme Court was amended in 1909 (see Laws of Missouri, 1909, p. 461) so as to expressly authorize an appeal on the part of the State from a judgment of the court by which either an information or indictment was quashed. Under the statute thus amended, no one can doubt the right of appeal here. [See sections 5304, 5305, R. S. 1909.]

It will be observed that the information above copied charges that defendants did "willfully and maliciously pull down a wire fence, the same being the property of M. E. Rhodes." It is urged the information is insufficient because it does not further charge that defendants left the fence down or open. The argument is, that the information should charge that defendants did willfully and maliciously pull down a wire fence, the same being the property of M. E.

Rhodes *and leave the same down or open.* This argument is unsound, in that it omits to reckon with the disjunctive construction of the statute. There are a number of offenses denounced in the section, and it is sufficient to charge any one of them, standing separate and apart, by the employment of the disjunctive, in the language of the statute. [See State v. Batson, 31 Mo. 343.] The statute under which the information is preferred is as follows:

"Every person who shall willfully and maliciously break, destroy, or injure the door or window of any dwelling house, shop, store or other house or building, or sever therefrom or from the gate, fence or inclosure, or any part thereof, any material of which it is formed, or sever from the freehold any produce or thing attached thereto, or pull down, injure or destroy any gate, post, railing or fence, or any part thereof, or throw down or open any gate, bars or fence, and leave the same down or open, being the property of another, or of any railroad company, or inclosing the land of another, in which such person has no interest, shall be deemed guilty of a misdemeanor." [Sec. 4598, R. S. 1909.]

So much of that section as is relevant to the charge laid here is as follows: "Every person who shall willfully and maliciously . . . pull down . . . any . . . fence . . . being the property of another . . . in which such person has no interest, shall be deemed guilty of a misdemeanor." The information charges the defendants in the language of the statute and is sufficient, for it sets forth, too, that the fence is the property of M. E. Rhodes, naming him, and that defendants, naming them, had no interest in it. Such is the view of the statute heretofore expressed by this court in State v. Hays, 110 Mo. App. 440, 85 S. W. 127. And see also like reasoning in State v. Batson, 31 Mo. 343. To the same effect, see Kelley's Criminal

Law (3 Ed., an excellent treatise revised by Jay M. Lee), sec. 749.

But it is argued the statute contemplates the fence should be left down or open as well. The case of State v. Howell, 34 Mo. App. 86, relied upon is not in point, for there the information was bottomed upon a subsequent clause of the same section which denounced it as an offense to throw down or open any . . . fence and leave the same down or open being the property of another . . . in which such person had no interest. Under this statute it is an offense for any person to willfully and maliciously "pull down, injure or destroy any gate, post, railing or fence or any part thereof. . . being the property of another . . . in which such person has no interest."

Another point made against the sufficiency of the information is to the effect that it does not describe the land upon which the fence is situate, but this is wholly without merit as the court has heretofore declared, for it is sufficient to charge the offense in the language of the statute and meet its requirements without describing the land. [See State v. Gift, 112 Mo. App. 200, 86 S. W. 593.]

The information being sufficient, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.