CHARLES E. COURTNEY, Respondent, v. PHILIP KNEIB, Jr., Appellant.

Kansas City Court of Appeals, May 25, 1908.

1. ASSAULT AND BATTERY: Damages: Actual: Exemplary: Verdict. Actual damages must be found as a predicate for recovery of exemplary damages and this rule is not affected by the late amendment of the statute in regard to the allegation of exemplary damages as separate and apart from actual damages.

2. ———: Self-Defense: Definition: Instruction. An instruction is not erroneous because it fails to define self-defense, since no language can so clearly define it as it is felt by the normal man.

3. ———: **Definition: Instruction: Invited Error.**   An appellant can not complain of the failure of an instruction to define an assault when his own instruction uses the same word without definition.

4. ———: **Damages: Instruction: Exemplary Damages.**   Objection to the term actual damages in an instruction is held hypercritical and a fault in an instruction relating to exemplary damages in admitting elements of actual damages is harmless, since it is immaterial whether the defendant pay it under the head of one or the other and especially when the exemplary damages are omitted.

5. ———: **Laying on of Hands: Instructions.**   An instruction is condemned because it attempted to make the simple laying on of hands an assault and battery without regard to the manner or other circumstances attending it.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*James W. Boyd* for appellant.

(1)   When the jury by its verdict found that plaintiff was not entitled to actual damages then the defendant was entitled to a judgment in his favor.   (2)   The respondent has no legal right to recover exemplary damages unless he suffered actual damages.   Hoagland v. Amusement Co., 170 Mo. 343; Mills v. Taylor, 85 Mo. App. 111; Sutherland on Damages (2 Ed.), sec. 406. (3)   The verdict, in substance, if not literally, states that the respondent was not entitled to actual damages. Schippel v. Norton, 38 Kan. 572; Hoagland v. Amusement Co., 170 Mo. 343; Johnson v. Bedford, 90 Mo. App. 43.   (4)   It is well settled by the appellate courts of this State that if a plaintiff sues on two counts, and both are, under the instructions of the court, submitted to the jury, and the jury finds for the plaintiff on one count, and says nothing about the other count then, under the law there is a verdict in favor of defendant as to that count.   Downing v. Railway, 70 Mo. App. 662; Shuck v. Pfenninghausen, 101 Mo. App. 700;

Downing v. Railway, 70 Mo. App. 662; Hoyle v. Farquharson, 80 Mo. 378. (5) When the statute was enacted, requiring a plaintiff to allege exemplary damages, separate and apart from any claim for actual damages, then it became, as a matter of law, in such a suit, in legal effect, two counts. In this case when no actual damages were found in the verdict, the verdict constituted a finding in favor of defendant; appellant herein, so far as actual damages are concerned. Johnson v. Bedford, 90 Mo. App. 47. (6) Instruction numbered 1, given on the part of the respondent is erroneous and illegal. (7) Instruction numbered 2, given on the part of respondent, is illegal and erroneous. (8) Instruction numbered 4, given on behalf of the respondent is absolutely illegal and erroneous. (9) The court committed error in refusing to give to the jury instruction numbered 3, asked by the appellant.

*Allen, Gabbert & Mitchell* for respondent.

(1) The verdict returned by the jury at that time was an erroneous verdict. It was a finding for the plaintiff and if they found that the plaintiff had sustained no actual damages, but yet, that his assault was a malicious assault, when they gave to plaintiff $50. exemplary damages, then they should have found for the plaintiff for actual damages in at least a nominal sum. This was not a finding for the defendant, but an erroneous verdict. This error, if it was an error, could only have been taken advantage of by the defendant by a motion in arrest. Johnson v. Bedford, 90 Mo. App. 47. (2) Instruction numbered 1, given on behalf of the plaintiff full and complete and could not have been misunderstood by the jury. (3) The court should not have granted a new trial from the September term, 1906, of the court upon this erroneous verdict. Since that verdict under the instructions given at that time was on all-fours with the case decided by the Supreme

Court in the case of Courtney v. Blackwell, 150 Mo. 245. (4) Instructions numbered 2, given by the court on the part of the plaintiff, was only intended to go to the question of directing the jury that the burden of proof was on the defendant to establish his defense in the nature of a counterclaim. It is terse and plain, and could not be stated in better language. (5) Instruction numbered 4, given on the part of the plaintiff, is identically in effect the same instruction for damages as used by the defendant in his instruction numbered 5.

BROADDUS, P. J.—This is an action for trespass, wherein plaintiff claims actual and punitive damages for an alleged assault upon his person by the defendant. The defendant in his answer denied the assault alleged, and alleges, that plaintiff made the first assault and that he acted in self-defense; and he further alleges that plaintiff assaulted and injured him for which he claims both actual and punitive damages. The suit was also brought against Philip Kneib, senior, and Albert Kneib, but as the court directed a verdict in their favor they are not parties to the appeal.

At the September term, 1906, of the court there was a trial by a jury which returned the following verdict: "We the jury in the above-entitled cause, find for the plaintiff and assess his exemplary damages at fifty dollars ($50)."

The defendant during the term filed a motion to set aside all that part of the verdict returned by the jury, for various causes, among which is, that, the verdict was not valid and not sufficient to sustain a judgment. The court sustained the motion and arrested the judgment. The defendant then filed the following motion omitting caption:

"Now comes the defendant, Philip Kneib, Jr., and moves the court to render and enter judgment in this case against the plaintiff and in favor of the defendant

because and in accordance with the record in the case, the defendant is entitled to a judgment in his favor.

"That the jury rendered a verdict in defendant's favor to the effect that the plaintiff was not entitled to recover of the defendant any sum whatever in this suit, and therefore the defendant is entitled to a judgment in his favor."

The court overruled this motion at the January term, 1907. The defendant excepted to the action of the court in overruling said motion, and the cause was retried at the same term when plaintiff obtained a verdict for $340, actual and $50 exemplary damages, upon which judgment was rendered for actual damages and defendant appealed. The question of prime importance is as to the effect of the verdict of the jury on the first trial. If the finding in that instance was in law, that plaintiff was not entitled to recover for actual damages, the subsequent trial was unauthorized and therefore nugatory.

The question is not a new one. In Hoagland v. Amusement Company, 170 Mo. 335, it is held: "Actual damages must be found as predicate for the recovery of exemplary damages." The jury in that case returned a verdict for the plaintiff for exemplary damages in the sum of one cent, but gave no compensatory damages. The court reversed the cause on the ground that: "The jury in finding for plaintiff in effect found that defendants arrested the plaintiff and cursed and abused him without any lawful excuse or reason therefor, and upon that finding he was entitled to have actual damages in some amount assessed in his favor." "In an action by a husband for the seduction and debauchment of his wife, a verdict for the plaintiff constitutes a basis for both actual and punitive damages. . . . "And where the jury find the issues for the plaintiff and assesses punitive damages they should at least assess some com-

pensatory damages." [Mills v. Taylor, 85 Mo. App. 111.]

It is, however, contended that since the enactment of the statute requiring a plaintiff to allege exemplary damages separate and apart from any claim for actual damages, it became as a matter of law two suits or statements in two different counts, and that a verdict on one count wherein both are submitted to the jury and nothing said as to the other count there is a verdict for defendant on that count. And such is the rule in general. [Downing v. Railway, 70 Mo. App. 657; Hoyle v. Farquharson, 80 Mo. 377.] But the statute could not apply to actions for damages for the reasons given in Mills v. Taylor, supra, and Hoagland v. Amusement Company, supra. A change of the form of pleading would not do away with the principle of law.

On the second trial and from which the appeal is taken the respective parties introduced evidence tending to support their different theories of the cause, and it was submitted to the jury on the instructions given by the court. It is to the action of the court in giving and refusing instructions to which our attention has been directed by the appellant.

Instruction numbered one given for the plaintiff tells the jury they should find for the plaintiff, if they believe from the evidence that defendant maliciously assaulted plaintiff, and that in so doing "he was not acting in self-defense of his person, or of his father." The error alleged is that it leaves to the jury to say what constitutes "self-defense or in defense of his father." We are persuaded that there was no error in that respect. Self-defense or self-preservation in the first place is truly said to be a law of nature, which accompanies a man from the cradle to the grave. He is born with the knowledge and it goes with him through life and he needs no lawyer or court to define it for him.

131 App.—14

It is not the law of the State except by recognition. It is a law of instinct which the lower animals possess to a greater or less degree. And no language can define it so clearly as it is felt by normal man. And we do not think the instruction ignores the defense set out in defendant's answer.

Instruction numbered two given for plaintiff told the jury, "that the burden rested upon the defendant to prove that plaintiff assaulted him before you can give him any damages." The objection is that the instruction leaves it to the jury to say what constituted an assault. If there is any defect in the instruction it was waived by the defendant as his instruction to the jury contains the word without definition. He has no right to complain of that of which he is guilty himself.

The objection to the term actual damages used in plaintiff's fourth instruction is also hypercritical. But it was faulty in another respect viz., as to exemplary damages. The jury were told, that in estimating such exemplary damages they might take into consideration the standing of the parties in the community and also the mental anguish, pain, humiliation and disgrace, if any, which plaintiff suffered on account of his being assaulted." The fault lies in submitting elements of actual under the head of exemplary damages. But we can not see how defendant could have been injured by the error. So far as he is concerned it cannot matter whether he pays the damages assessed under one name or another. But as plaintiff entered a remittitur as to all that part of the verdict given for exemplary damages the defendant was not injured, and he has now no cause of complaint.

The court refused to give the following instruction asked by defendant:

"The court instructs the jury that when the plaintiff got into the wagon of Philip Kneib, senior, and for the purpose of taking the corn away from Philip Kneib,

Equitable Mfg. Co. v. Waful.

Sr., and Philip Kneib, Sr., then undertook to prevent him from so doing and plaintiff laid his hands upon the person of said Philip Kneib, Sr., the plaintiff then committed an assault and battery upon said Philip Kneib, Sr., and his conduct was in violation of the law." There is one very serious objection to said instruction, and that is, it seeks to make an assault and battery out of the fact that plaintiff merely laid his hand on defendant's father Philip Kneib, Sr. Such an act of itself did not constitute an assault and battery. In order to have made it such, the act must have been accompanied with anger or some other circumstance of the kind evincing hostility.

· Affirmed. All concur.