## WALTER S. DICKEY, Appellant, v. JOHN M. ORR et al., Respondents.

### Kansas City Court of Appeals, June 29, 1908.

1. **TAXBILLS: Kansas City Charter: Competitive Letting: Ordinance: District Sewer.** Case affirmed on authority of Dickey v. Holmes, 109 Mo. App. 721.

2. **APPELLATE PRACTICE:** *Jurisdiction: Constitutional Question.* Where the Supreme Court has repeatedly decided the question of the constitutionality of a provision of a city charter, the question is no longer open, and the Court of Appeals has jurisdiction to proceed with the case without passing upon the constitutional question, especially where the Supreme Court has so decided.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Karnes, New & Krauthoff,* for appellant, filed argument.

*Gage, Ladd & Small,* for respondents, filed brief on merits.

ELLISON, J.—This action was brought to enforce the lien of a special taxbill against the property of the defendants. The judgment of the trial court was for the defendants and plaintiff appealed the case to the Supreme Court, basing the appeal to that court on the ground that a constitutional question was involved.

The point said to involve a construction of the constitution was this: The charter of Kansas City (section 23, article 9) provided that the owners of property sought to be charged with the lien of a taxbill should, within sixty days of the issue of the bill, file with the board of public works a written statement of any and

all objections to the taxbill and that no objection other than those specified within that time should afterwards avail the property holder. That provision was regarded as so unreasonable and unjust, as applied to the rights of the property holder, that we refused it effective force in Richter v. Merrill, 84 Mo. App. 150. When the provision came before the Supreme Court it was declared outright to be unconstitutional and void. [Barber Asphalt Co. v. Ridge, 169 Mo. 376; Paving Co. v. Munn, 185 Mo. 552; Curtice v. Schmidt, 202 Mo. 703; Gilsonite Co. v. Arkansas Coal Co., 205 Mo. 49; Dickey v. Holmes, 208 Mo. 664, 106 S. W. 511.] When this case reached the Supreme Court and it discovered that the constitutional question, thus repeatedly decided, was again brought forward, it refused to entertain it and transferred the case to this court. [Dickey v. Holmes, 208 Mo. 664.]

An examination of the record shows this case to be in all essential features like that of Dickey v. Holmes, 109 Mo. App. 721. We are satisfied with the view taken in that case. To the authorities there cited may be added Paving Co. v. Munn, 185 Mo. 552; Chippewa Bridge Co. v. Durand, 122 Wis. 96, 99 N. W. 603; Buckley v. Tacoma, 9 Wash. 253, 37 Pac. 441.

It is suggested that the case cannot be decided in favor of defendants without first deciding that the aforesaid provision of the charter is unconstitutional and that as this court has no authority to make such decision, we must necessarily decide the case for plaintiff. The Supreme Court, as above stated, has repeatedly decided that the charter provision is not law and it has decided in this case that this court has jurisdiction. The judgment is affirmed. All concur.