STATE OF MISSOURI, EX REL. WILLIAM B. CORNELIUS, ET AL., RESPOND-
ENTS, V. J. H. MCCLANAHAN, ET AL., APPELLANTS.*

Kansas City Court of Appeals.  December 7, 1925.

---

*Corpus Juris-Cyc References: Courts, 15CJ, p. 1094, n. 71; Highways, 29CJ, p. 461, n. 41; Mandamus, 38CJ, p. 541, n. 11; p. 571, n. 73; p. 751, n. 19.

*Randolph & Randolph* for respondents.

*Stephen Fee* and *P. C. Breit* for appellants.

ARNOLD, J.—This is an appeal from an order and decree of the circuit court of Buchanan county, Missouri, in a suit in mandamus to compel the county judges of Buchanan and Andrew counties to order a certain proposed road on the line between said counties opened and declared to be a public highway.

The proposed road was properly petitioned for and notices posted as required by law and presented to the county court of Buchanan county, on September 12, 1921. On September 26th the county judges of said counties met in joint session in Buchanan county, considered the petition and ordered the highway engineers of said counties to proceed to view, mark out and survey said proposed road, take relinquishments of all owners who would give the right of way. and take the names of all owners who had not given or would not give the right of way and report to the joint court on October 17, 1921.

The joint court met on October 17, 1921, and adjourned to October 31st and on said last-named date an adjournment was taken to November 14, 1921, when a meeting was held and the highway engineers filed their report. This report showed that all parties who owned land through which the proposed road would run had signed relinquishments of right of way excepting J. C. Bunse and Bartlett Brothers. The engineers' report showed that the cost of establishing the road would be approximately $16,572, which figure included a bridge to cost $10,500. On said November 14, 1921, the joint session of the county courts issued and placed of record the following order:

"Now, here at this time the matter of opening of a public road on the Andrew-Buchanan county line in sections 20, 25, 29 and 28, Township 58, Range 34 west, coming before the court of Buchanan and Andrew counties in joint session, and it appearing to the court that the petitioners for said road have failed to secure the right of way for same and have not paid into the court any sum of money for damages for any land necessary to be taken in establishing said road, it is, therefore, ordered and adjudged by the court that said petition be dismissed."

The petition for mandamus alleges, and there was testimony in support thereof, that at the time the order of dismissal was made on November 14, 1921, J. C. Bunse and Bartlett Brothers had executed deeds of relinquishment for the right of way over their respective lands, and said deeds were then in possession of the county engineers of Buchanan and Andrew counties. Attorneys for the petitioners besought the county courts to set aside their order of dismissal of November 14, 1921, but no further action was taken by the county judges of the two counties and on November 26, 1921, relators filed their petition for mandamus in the circuit court of Buchanan county. An alternative writ of mandamus was issued on December 3, 1921, and after a hearing, and on January 11, 1922, the court entered a decree for a peremptory writ. Motions for new trial and in arrest were unavailing and defendants took an appeal to the Supreme Court. That court decided it was without jurisdiction in the premises, because no political subdivision of the State is a party to the suit;

no constitutional question is raised, and the title to real estate is not involved. The cause accordingly was transferred to this court for consideration.

According to the contention of defendants, the report of the county engineers showed the relinquishment of the right of way for the proposed road had been made by all the parties affected with the exception of two, namely, J. C. Bunse and Bartlett Brothers. Plaintiffs state the matter somewhat differently in that they insist that both these parties did sign relinquishments in time for the consideration of the joint court, so that nothing remained for that body to do except to comply with the mandatory statute and order the road opened.

The result of this appeal, as we view the case, depends largely upon the proper determination of these conflicting views in the application of the law to the facts.

Defendants argue that mandamus is not the proper remedy because plaintiffs had a proper remedy by writ of error and that mandamus cannot be made to perform the office of a writ of error. And, *arguendo,* when the county court found that the rights of way had not been relinquished and it was not shown that the petitioners for the road would pay the expenses of its establishment, the joint court had a right to exercise its discretion and dismiss the proceedings.

Defendants' position in this respect, of course, is based upon the theory that the relinquishments had not been obtained. If that is true, the general rules applicable to proceedings in mandamus, above stated, are correct. However, while plaintiffs do not refute the above-declared rules relative to mandamus, they do insist that the facts are that all of the relinquishments had been obtained in and were in the hands of the court, to-wit, the engineers of the courts, and were actually present in the court room at the time the joint court ordered the proceedings dismissed; that all the things necessary had been done and that under the mandatory statute, to-wit, section 10627, Revised Statutes 1919, there was nothing for the joint court to do but order the improvement. The part of said section applicable to the situation herein is as follows: "When the petition required by section 10626 of this article is presented, upon proof of the notice having been given as required by section 10626, and if no remonstrance, as herein mentioned, is presented, and if the petitioners give the right of way for said proposed road or pay into the county treasury an amount of money equal to the whole amount of damages claimed by landowners through whose land said proposed road would run, the court must, without discretion to do otherwise, open said road."

Defendants urge this statute is doubtful and ambiguous in its meaning, but we cannot accept this view. We think the language of the section is plain, unambiguous and is mandatory. It is admitted plaintiffs had complied with all the requirements of the preceding sec-

tions excepting the one in question, i. e. that of procuring relinquishments, and that point is disputed. There was no remonstrance and no one was claiming damages.

Mandamus is defined as a "common-law writ . . . issued by a superior court and directed to some inferior tribunal, or some corporation or person to enforce the performance of some public duty." [Webster's New International Dictionary.]

It is of record that on September 26, 1921; at a joint meeting, the county courts by order found every essential fact necessary to declare the strip of ground in question a public highway, and having so found, defendants will not be allowed to question their finding. [State ex rel. v. Meyers, 80 Mo. 601; State ex rel. v. Thornhill, 174 Mo. App. 469.] It must be held that for defendants' failure to perform a clear ministerial duty there is no appropriate remedy other than mandamus. [State ex rel. v. Seehorn, 283 Mo. 508; State ex rel. v. West, 272 Mo. 304, 313.]

As to the disputed question as to whether or not the relinquishments had been secured at the time the joint county courts made the order of dismissal, it is clear, as shown by the record, that the relinquishments had been secured and were in court and in the hands of the county engineers at the time the order was made. This was admitted by the engineers. It is further shown by the record that Bunse was one of the original petitioners and that Bartlett Brothers had told the said engineers that they would sign the deeds of relinquishment, and in fact, had done so. The engineers testified that at the time they made their report to the joint county court, they had these deeds of relinquishment, and knew they had been executed.

In this view of the evidence we think the trial court could not have held other than it did on this point, to-wit, that all requirements precedent under the statute had been complied with by plaintiffs and the statute being mandatory, the joint court was in error in dismissing the proceedings.

There is one other point urged by defendants, to-wit, that section 12, article 10, of the Constitution of the State of Missouri provides that no county shall be allowed to become indebted in any manner or for any purpose of an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters. The natural deduction from this argument is that had the joint courts proceeded with the improvement sought, there being no funds in the county treasurer's hands to pay same, a violation of the Constitution would have resulted. On this point it is enough to say that since the mandate of the Supreme Court has declared there is no constitutional question involved herein, there is no room for further discussion. For the reasons above stated, the judgment is affirmed. *Bland, J., concurs; Trimble, P. J., absent.*