**STATE of Missouri, (Plaintiff) Respondent,**

**v.**

**KATZ DRUG COMPANY, a Corporation, (Defendant) Appellant.**

No. 31232.

St. Louis Court of Appeals.

Missouri.

Nov. 20, 1962.

William J. Geekie, Pros. Atty., Sidney Faber, Asst. Pros. Atty., St. Louis, for respondent.

WOLFE, Acting Presiding Judge.

The appealing defendant was convicted of exposing to sale goods, wares and merchandise on Sunday, in violation of Section 563.720 and Section 563.730, RSMo 1949, V.A.M.S., in the Court of Criminal Correction. A fine of $50.00 was assessed.

The statutes under which the defendant was convicted are as follows:

"Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars." (Section 563.720, RSMo 1949, V.A.M.S.)

"Section 563.720 shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity." (Section 563.730, RSMo 1949, V.A.M.S.)

An appeal was taken to the Supreme Court because the defendant asserted that the statutes were unconstitutional. That court, having decided the same point in State v. Katz Drug Company, Mo.Sup., 352 S.W.2d 678, held that a constitutional question was no longer in the case and transferred it to this court.

The evidence presented by the State consisted of testimony of three members of the Meat Cutters Union. They testified that on Sunday, February 22, 1959, four of them went to a drug store, belonging to the Katz Drug Company, located at 6101 Easton Avenue, in the City of St. Louis. There they each made a purchase, and these purchases consisted of various items of merchandise. They bought 60 ballpoint

Orville Richardson, Hullverson, Richardson & Hullverson, St. Louis, for appellant.

pens and refills, a pair of child's pajamas, grass seed, and an electric frying pan. When all four had completed their purchases, they called a police officer and took the items that they had purchased to the police station.

One witness testified that the reason the Meat Cutters Union members did this was, "* * * we didn't want to work on Sunday. We seen what was coming up."

The defendant moved for a directed verdict at the close of the state's evidence, and upon it being overruled offered no evidence.

■ The first point urged here is that the statute is unconstitutional. This, despite the fact that the Supreme Court has stated that the statute is constitutional in an identical case against the same defendant. State v. Katz Drug Company, 352 S. W.2d 678, supra. As we stated, this case comes to us by transfer after the Supreme Court found that no constitutional question existed because of the above decision. Since the Supreme Court, in transferring the cause to this court, held that no constitutional question was present, no further consideration may be given to this point. State v. Higgins, Mo.App., 252 S.W.2d 641; State ex rel. Cornelius v. McClanahan, 221 Mo.App. 399, 278 S.W. 88; State v. Veltrop, Mo.App., 6 S.W.2d 638, 639.

■ The next point raised goes to the question propounded to the jury upon voir dire examination. The transcript of record states the following:

"MR. VETTORI: Should you be selected as a juror in this cause, would you enforce this law?

"JUROR: It all depends on what comes out in the case.

"MR. VETTORI: Well, let's assume that we prove to you that the Katz Drug store was open; that it was a Sunday; that sales were made consisting of frying pans, grass seed, pajamas, ball point pens and refills; and

let us assume further that the Court tells you it is a violation of the law to expose to sale goods, wares and merchandise on the first day of the week commonly called Sunday, except drugs, medicines, may be exposed to sale, provisions and articles of immediate necessity.

"MR. RICHARDSON: Your Honor please, I object to that kind of a question because he is asking the juror how he is going to vote back in the jury room. You can't commit a juror in advance.

"MR. VETTORI: I am not asking that sort of a question at all. I am asking if the juror will enforce this law.

"MR. RICHARDSON: This is a hypothetical situation. He is laying out his entire evidence. He is trying to commit the juror before he has been sworn, before he has heard the Court's instructions, and before he has gotten back to the jury room to talk to the rest of the jurors.

"THE COURT: The objection will be overruled."

We find no substantial difference between this examination of the jury and the voir dire examination in State v. Katz Drug Company, 352 S.W.2d 678, 1. c. 684, supra. There the jury was asked: "Now, if I prove to your satisfaction and beyond a reasonable doubt that February 22, 1959, was a Sunday, and that the Katz Drug Company at their 8th and Washington store sold goods, wares and merchandise which were not medicines or drugs and not items of immediate necessity, and if the Court instructs you that that is a violation of the law, will you convict?"

Counsel for the state asserts that the word "enforce" as used in the question asked in this case has a different connotation than the word "convict" used in the question asked in the first case. Although

the difference exists in legal parlance, it certainly meant the same thing to the jury, as may be ascertained by the juror's statement above quoted. Since the Supreme Court held the above-quoted question to be prejudicial error in the first Katz case, quoting with approval State v. Heickert, Mo. Sup., 217 S.W.2d 561, 562, we hold the voir dire examination here to be erroneous. The quoted portion of the Heickert case, supra, is as follows:

"[C]ounsel has no right on voir dire to cause the prospective jurors to pledge or speculate as to their action in certain contingencies which may later occur or arise during trial. State v. Pinkston, supra, [336 Mo. 614, 79 S. W.2d 1046]; State v. Ramsey, 355 Mo. 720, 197 S.W.2d 949."

■ The prosecutor asked the first witness how many other patrons were in the store at the time the four union members entered. There was an objection to this question on the ground that it was immaterial, and the objection was overruled. The witness answered that there were about 25 or 30 patrons in the store. The defendant was not charged with having its store open on Sunday, and the fact that it was and that there were patrons within it was not relevant to the issue on the trial. The question should not be asked upon retrial of the case.

■ It is contended that the court erred in not instructing the jury upon all questions of law necessary for their guidance in returning a verdict. We are cited to Section 546.070. As a general rule this section has no application to misdemeanor cases. If the defendant desires additional instructions in a misdemeanor case, he is obliged to request such instructions. State v. Egan, Mo.App., 272 S.W.2d 719, l. c. 727, and cases therein cited.

■ The only instruction which the defendant claims to have been erroneously refused was designated "Defendant's Instruction No. 4". It is as follows:

"The Court instructs the jury that before the defendant in this case can be found guilty you must find that the articles introduced into evidence could not at any time or under any circumstances be articles of immediate necessity to anyone and unless you so find then it is your duty to acquit the defendant."

This is quite obviously contrary to the definition of "necessities" adopted in State v. Katz Drug Company, supra, and the court did not err in refusing it.

It is claimed that the form of the verdict was defective, but we are cited to no authorities, and it appears to be in form long accepted as sufficient.

■ The last point raised goes to the prosecutor's argument, in which he stated:

"You don't see your little neighborhood hardware store being open on Sunday. * * * What special privilege does the Katz Drug Company have that they open their stores on a Sunday?"

As we stated in our remarks above about the evidence concerning the number of people in the store, the defendant committed no offense by being open for the business permitted. The argument was beyond the issues, and the court should have sustained the objections to it.

The judgment is reversed and the case remanded for a new trial.

FRANK W. HAYES and RAY E. WATSON, Special Judges, concur.